UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROMAN JUAREZ-JIMENEZ,<br>A-236-090-937<br><br>Petitioner,<br><br>v.<br><br>SERGIO ALBARRAN, et al.,<br><br>Respondents. | No. 1:26-cv-00668-DC-ICD-HC<br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, along with a motion for a temporary restraining order. ECF Nos. 1, 2. Respondents filed a motion to dismiss the petition (ECF No. 10), and Petitioner filed a reply (ECF No. 17).

The District Judge granted the temporary restraining order and ordered Petitioner's release. ECF No. 12. Respondents filed a response to the District Judge's order (ECF No. 13), and Petitioner filed a reply (ECF No. 14). Based on the information provided, the District Judge declined to issue a preliminary injunction on the same terms as the temporary restraining order, noting that Petitioner's motion for a temporary restraining order "was granted based upon Petitioner's representation that Petitioner's eligibility for bond had not been considered, not that the immigration judge's consideration was insufficient." ECF No. 15 (Minute Order). The matter was then referred to the undersigned. <u>See</u> <u>id.</u>

Petitioner informed the Court that he stands on his prior briefing. ECF No. 17. The undersigned directed Petitioner to inform the Court of his custody status and address whether the petition is now moot, while allowing Respondents an opportunity to reply. ECF No. 19. Petitioner filed a response arguing that the petition is not moot because he "remains subject to re-detention." ECF No. 20 at 3. Respondents did not file a reply within the time allowed.

The Court finds that, under Ninth Circuit authority, Petitioner is subject to discretionary

detention pursuant to 8 U.S.C. § 1226(a). See Rodriguez Vazquez v. Bostock, 183 F.4th 1160, 1165 (9th Cir. 2026) (holding that "aliens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)."). Given that Respondents' motion to dismiss was filed prior to the Ninth Circuit addressing this issue, the undersigned recommends that the motion to dismiss be denied.

Noncitizens detained pursuant to § 1226(a) are statutorily entitled to "receive bond hearings at the outset of detention." Jennings v. Rodriguez, 583 U.S. 281, 306 (2018). At such a hearing, if the noncitizen "demonstrates by a preponderance of the evidence that he is not 'a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk,' the [Immigration Judge] IJ will order his release." Diaz v. Garland, 53 F.4th 1189, 1197 (9th Cir. 2022) (quoting Matter of Guerra, 24 I. & N. Dec. 37, 40 (B.I.A. 2006)).

Here, Petitioner was provided a bond hearing, and the IJ denied the request for bond, finding he was "[b]ond ineligible under Hurtado." The IJ further stated, "[a]ssuming *arguendo* he were eligible for bond, he poses a danger as he was convicted of DUI in 2020, and again in 2022. Refer to my oral decision." ECF No. 13, Ex. 4. Respondents did not provide an audio file of the hearing; therefore, the record before this Court is limited to the written determination.

The Ninth Circuit has instructed that IJs must consider the factors established in Matter of Guerra when determining whether a noncitizen is a flight risk or a danger to the community. Singh v. Holder, 638 F.3d 1196, 1206 (9th Cir. 2011). Although a noncitizen's criminal record is "the most pertinent to assessing dangerousness," the Ninth Circuit held that "criminal history alone will not always be sufficient to justify denial of bond on the basis of dangerousness. Rather, the recency and severity of the offenses must be considered." Id.

The IJ's dangerousness determination relied solely on Petitioner's 2020 and 2022 driving under the influence convictions. However, the IJ failed to address the requisite recency and severity of the offenses. Indeed, the record contains little information regarding the DUI convictions aside from Petitioner's rap sheet. Absent sufficient evidence to support the IJ's finding, the undersigned finds that Petitioner's post-deprivation bond hearing—conducted over three months after Petitioner was detained—did not comport with the statutory requirements of 8

U.S.C. § 1226(a).

Upon finding that noncitizens were detained absent the procedural protections required by § 1226(a), courts in this District have ordered their immediate release. See Vides v. Mullin, No. 1:26-cv-05956 (VC), 2026 WL 5219273 (E.D. Cal. Sep. 10, 2026) (collecting cases). Given that Petitioner here was not provided a compliant bond hearing prior to, or contemporaneous with, his detention, the undersigned finds that the petition should be granted.

Petitioner argues that his release does not moot the petition and asks the Court to order Respondents to provide him with procedural protections should they seek to re-detain him. ECF No. 20. Despite the opportunity to challenge this claim, Respondents did not respond. Thus, the undersigned recommends that Petitioner be provided protection from future detention absent compliance with specific procedures.

Based on the foregoing, the undersigned RECOMMENDS that:

1. The petition for writ of habeas corpus (ECF No. 1), be GRANTED;
2. Respondents' motion to dismiss (ECF No. 10), be DENIED;
3. Respondent be ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing the burden will be set in accordance with 8 U.S.C. § 1226(a) and its implementing regulations; and

///

///

///

///

///

///

///

///

4. The District Judge's order not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **seven (7) days** after being served with these findings and recommendations, any party may file written objections with the Court. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 25, 2026

ILA C. DEISS
UNITED STATES MAGISTRATE JUDGE